Filed 4/29/25  In re F.A. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| In re F.A., a Person Coming Under the Juvenile Court Law. | C102773 |
| LASSEN COUNTY HEALTH AND SOCIAL SERVICES AGENCY, | (Super. Ct. No. 2024JV0073783) |
| Plaintiff and Respondent, | |
| v. | |
| M.B., | |
| Defendant and Appellant. | |

Appellant M.B., mother of the minor F.A., appeals from the juvenile court's order terminating parental rights.  (Welf. & Inst. Code, §§ 366.26, 395.)[1]  Mother claims the Shasta County Health and Human Services Agency (Department) and Lassen County

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

Health and Social Services Agency (Agency) both failed to fulfill their affirmative and continuing duties of inquiry as required by the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) because neither interviewed the minor's maternal relatives regarding the minor's possible Native American ancestry. Therefore, mother contends, the juvenile court's findings that the ICWA did not apply are not supported by the record.

The Agency concedes that the record on appeal does not affirmatively resolve whether it, or the Department before it, made the requisite ICWA inquiries of extended family members and agrees that limited remand for further ICWA proceedings is appropriate.

We agree that remand is the appropriate course. Accordingly, we will conditionally reverse the orders of the juvenile court and remand for further compliance with the ICWA.

## I. BACKGROUND

Because the issues on appeal are limited to compliance with the ICWA, we dispense with a detailed recitation of the underlying facts and procedural history.

This case commenced in Shasta County when the Department filed a dependency petition under section 300, subdivisions (b)(1) and (g) on behalf of the then newborn minor and her two older maternal halfsiblings, who were later dismissed from the proceedings and are not subject of this appeal. Neither mother nor the alleged father appeared at the January 2024 detention hearing, and their whereabouts were then unknown, as they had been evicted from their residence and were not returning calls. According to the detention report, mother had denied Native American ancestry. The alleged father had not provided any information confirming or denying Native American ancestry. The juvenile court ordered the minor detained.

Mother made her first appearance at the February 2024 jurisdiction hearing. At that hearing, the juvenile court inquired of mother whether she had Native American ancestry, to which she replied, "No, I do not." The juvenile court then directed mother to

notify the Department "right away" if she learned otherwise. The matter was then continued for a combined jurisdiction and disposition hearing.

At the March 2024 combined hearing, the juvenile court inquired of mother whether her prior denial of Native American ancestry remained her understanding, to which mother responded in the affirmative. The juvenile court found no reason to believe the ICWA applied, declared the minor a dependent child of the court, designated the father to be an alleged father, ordered the minor removed from parental custody and reunification services be provided. It then ordered the matter transferred, since mother had moved to Lassen County.

The Lassen County juvenile court accepted the transfer in March 2024 and both mother and the alleged father appeared at the May 13, 2024 status review hearing. In response to the juvenile court's inquiry, both mother and the alleged father advised that neither of them had any known Native American ancestry, after which, the juvenile court found the ICWA did not apply. The juvenile court adopted the case plan recommended by the Agency and set a review hearing for June 2024.

The parents failed to reunify and did not attend the remaining hearings. Parental rights were terminated on December 9, 2024.

Mother filed a timely notice of appeal on December 19, 2024. This matter was fully briefed in this court on April 1, 2025.

## II. DISCUSSION

Mother contends both the Department in Shasta County and the Agency in Lassen County failed to adequately investigate possible Native American ancestry. Specifically, she contends that neither made proper efforts to gather familial history regarding Native American ancestry from available maternal relatives, particularly from the maternal great aunt with whom the Agency had contact and the maternal grandmother and maternal aunt with whom mother wished the minor be placed at the case's inception. As a result, she

3

claims, the juvenile court's findings that the ICWA did not apply is unsupported by the record and must be reversed.

"The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. [Citations.] A major purpose of the ICWA is to protect 'Indian children who are members of or are eligible for membership in an Indian tribe.' " (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) Child welfare agencies and juvenile courts "have an affirmative and continuing duty" in every dependency proceeding to determine whether ICWA applies by inquiring whether a child is or may be an Indian child. (§ 224.2, subd. (a).) This " 'duty to inquire begins with the initial contact, including, but not limited to, asking the party reporting child abuse or neglect whether the party has any information that the child may be an Indian child.' " (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1132.) This duty of inquiry "continues throughout the dependency proceedings." (*In re J.C.* (2022) 77 Cal.App.5th 70, 77.)

"When the agency has 'reason to believe' that an Indian child is involved, further inquiry regarding the possible Indian status of the child is required. (§ 224.2, subd. (e); see also [Cal. Rules of Court,] rule 5.481(a)(4).)" (*In re Dezi C., supra*, 16 Cal.5th at p. 1132, fn. omitted.) "If the inquiry establishes a reason to know an Indian child is involved, notice must be provided to the pertinent tribes. (§ 224.3, subds. (a), (b); 25 U.S.C. § 1912(a).)" (*Id.* at p. 1133.)

A juvenile court must make a finding whether the ICWA applies. (*H.A. v. Superior Court* (2024) 101 Cal.App.5th 956, 965-966; *In re E.W.* (2009) 170 Cal.App.4th 396, 403.) A juvenile court's finding that the ICWA does not apply is "subject to reversal based on sufficiency of the evidence." (§ 224.2, subd. (i)(2).) Its "fact-specific determination that an inquiry is adequate, proper, and duly diligent is 'a quintessentially discretionary function' [citation] subject to a deferential standard of review." (*In re Dezi*

4

*C., supra*, 16 Cal.5th at p. 1141.) " 'On a well-developed record, the court has relatively broad discretion to determine whether the agency's inquiry was proper, adequate, and duly diligent on the specific facts of the case. However, the less developed the record, the more limited that discretion necessarily becomes.' " (*In re Kenneth D*. (2024) 16 Cal.5th 1087, 1101-1102.)

Here, the record is devoid of any evidence that the Department or Agency made any efforts to inquire of the minor's maternal extended family members regarding possible Native American ancestry, although the Agency did have contact with, and the address of, the maternal great aunt. However, we need not belabor the point because the Agency does not dispute mother's claim. Rather, it concedes the record on appeal does not provide sufficient information to demonstrate it or the Department before it conducted the requisite ICWA inquiries of extended family members.

In light of the Agency's concession, we will remand the case to the juvenile court for further proceedings to address compliance with the inquiry and notice provisions of the ICWA. Given our conclusion that the matter must be remanded for limited ICWA proceedings, we need not further address mother's claim that the juvenile court abused its discretion in finding the ICWA did not apply.

### III.  DISPOSITION

The juvenile court's orders terminating parental rights are conditionally reversed. On limited remand, the juvenile court shall order the Agency to comply with the inquiry and notice provisions of the ICWA, as well as the requirements of sections 224.2 and 224.3 and the documentation provisions of California Rules of Court, rule 5.481(a)(5).  If the juvenile court thereafter finds a further inquiry was proper and adequate, due diligence has been conducted, and the ICWA does not apply, the orders shall be reinstated.  If, however, the juvenile court concludes the ICWA applies, the juvenile court is ordered to conduct a new section 366.26 hearing and proceed in accordance with the ICWA and California implementing provisions.

/S/

_____

RENNER, J.

We concur:

/S/

_____

ROBIE, Acting P. J.

/S/

_____

MESIWALA, J.